# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| In re:<br><br>SCENIC AMERICA, INC.<br><br>Debtor | Case No. 10-19290 |

### MOTION OF SCENIC AMERICA, INC.
### FOR ORDER AUTHORIZING IT TO USE CASH COLLATERAL AND TO
### PROVIDE ADEQUATE PROTECTION TO
### BRANCH BANKING & TRUST COMPANY

Scenic America (the "Debtor" or "Scenic America."), by counsel, respectfully moves, pursuant to 11 U.S.C. ' 361, 363, 503(b), 507 and 105, Federal Rule of Bankruptcy Procedure 4001, and Local Bankruptcy Rule 9013-1, for entry of an order (a) authorizing Scenic America to use on an interim basis, the cash collateral of Branch Banking and Trust Company ("BB&T") and to provide BB&T with adequate protection of its interest in cash collateral, and (b) scheduling a final hearing (the "Final Hearing") on Scenic America's use of cash collateral. In support of this Motion, Scenic America represents as follows:

### The Relief Sought

1.  Scenic America is indebted to BB&T pursuant to multiple promissory notes secured by Debtor's accounts, including accounts receivable, cash and other items

_____
Ann E. Schmitt, VSB # 22030
Culbert & Schmitt, PLLC
30C Catoctin Circle, SE
Leesburg, VA 20175
703-737-6377 (telephone)
703-737-6370 (facsimile)
aschmitt@culbert-schmitt.com

which constitute "cash collateral" within the meaning of 11 U.S.C. section 363(a) ("Cash Collateral"). Because Scenic America must utilize BB&T's Cash Collateral to operate, it urgently seeks entry of an order approving its use of Cash Collateral in accordance with the Interim Cash Collateral Budget (the "Budget") attached hereto as <u>Exhibit A,</u> pending a final hearing on this Motion, and granting BB&T adequate protection in the form of replacement liens pending a final hearing on this Motion with respect to any diminution in value of BB&T's interest in its prepetition collateral resulting from Scenic America's use of Cash Collateral and the imposition of the automatic stay of 11 U.S.C. '363(a).

2. Scenic America is dependent on Cash Collateral for survival. Without access to Cash Collateral, Scenic America will be unable to continue as a going-concern, which would result in substantial harm to its creditors and other parties in interest. The use of Cash Collateral is essential to, among other things, Scenic America's ability to operate its tour and commuter bus business and to preserve the going concern value of its assets, and to make all necessary payments for the orderly administration of this case, including payments to taxing authorities. In addition, Scenic America requires the authority to use Cash Collateral to instill confidence in its suppliers and contract customers.

3. This Motion contemplates, and Scenic America requests this Court's authorization for a two step procedure, whereby the Court would:

a. at the conclusion of an interim hearing on the Motion (the "Interim Hearing") enter an interim order, authorizing Scenic America's use of Cash Collateral in accordance with the Budget and providing BB&T with adequate protection in the form of

a replacement lien on the post-petition accounts receivable and a superpriority administrative expense claim; and

  b. at the conclusion of the Final Hearing, enter an order (the "Final Order") (i) authorizing and approving Scenic America's use of Cash Collateral in accordance with the Budget; and (ii) granting BB&T, as adequate protection, a superpriority administrative expense claim (as set forth more fully herein) and a perfected first priority replacement lien on all post-petition accounts receivable of the Debtor.

4. Because of the Debtor's urgent need for use of Cash Collateral, Scenic America requests that this Court hold the Interim Hearing as soon as practical. Prompt entry of the Interim Order is essential to avoid immediate and irreparable harm to Scenic America's bankruptcy estate and its business operations pending the Final Hearing.

## Jurisdiciton

5. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. '' 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. '' 1408 and 1409.

6. This is a core proceeding pursuant to 28 U.S.C. '' 157(b)(2)(A) and 157(b)(2)(M).

7. The statutory and rule predicates for the relief sought in this Motion are sections 361, 363, 503(b), 507, and 105 of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Rule 9013-1.

## Procedural History

8. On November 1, 2010, (the "Petition Date"). Scenic America filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code, Scenic America is continuing to operate its business and manage its financial affairs as a debtor in possession.

9. No trustee, examiner, or committee has been appointed in this case.

**The Debtor's Business and History**

10. Scenic America was formed in 1999, and operates a tour and commuter bus operation from premises located in Fauquier County, Virginia. It owns or leases 19 buses and provides commuter service between the Virginia Railway Express station in Fredericksburg, Virginia and Richmond, Virginia. In addition, the company operates a commuter bus which runs between Culpeper, Virginia and Washington, D.C. and provides rental buses to its customers as well as tour buses.

11. The Company has a reputation for professionalism, quality and on time performance. It was voted Operator of the Year by Virginia's Motorcoach Association for 2009.

**Debtor's Assets and Liabilities**

12. Debtor's tangible assets consist primarily of motor coaches and vehicles as and related parts and equipment. The estimated value of these assets is $2,718,000.

13. In addition, cash, amounts in bank accounts, accounts receivable and other items which constitute Cash Collateral have an estimated value of $220,000.

14. Debtor's liabilities are summarized below:

Debt secured by motor vehicles, primarily motorcoaches: $3,800,000[1]

Debt secured by other assets: $420,000

Unsecured debt: $550,000

---

[1] This amount includes approximately $1.2 Million owed to Caterpillar Financial Services pursuant to six motorcoach leases. This debt represents the buyout on these six vehicles. The Debtor owns an additional six motorcoaches which are subject to CAT liens. All of this debt is cross collateralized.

4

15. BB&T is owed approximately $1,180,000 (exclusive of debt owned on multiple credit cards) pursuant to six (6) promissory notes. All of the debt is secured by accounts, including accounts receivable, contract rights, and inventory equipment, including parts and tools. Note 00016, having a current balance of $721,593 is also secured by two 2009 Sentra S-417 motorcoaches having an estimated value of $750,000.

**Applicable Authority**

16. To address its working capital needs, including the costs of operating, marketing, and completing its contractual obligations, the Debtor requires the use of BB&T's Cash Collateral. Use of the Cash Collateral will provide Scenic America with the necessary capital with which to operate its business and to market for future business.

17. Upon entry of the Interim Order, Scenic America proposes to use the Cash Collateral in accordance with the Budget to meet its daily operating cash needs. Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell or lease cash collateral unless each entity with an interest in the cash collateral consents to such use, or the Court, after notice and hearing, authorizes such use.

18. Scenic America proposes to grant BB&T adequate protection of its interest in Cash Collateral through a replacement lien on Scenic America's post-petition accounts receivable, accounts, contract rights and proceeds thereof.

19. According to the legislative history of section 361 of the Bankruptcy Code, a finding of adequate protection is "left to case-by-case interpretation and development. It is expected that the courts will apply the concept in light of the facts of each case and general equitable principals." H.R. Rep. No. 595, 95th Cong., 1st Sess. 339 (1977), *see* <u>In re O'Connor,</u> 808 F.2d 1393, 1396-97 (10th Cir. 1987). The focus of the

adequate protection requirement is to protect a secured creditor from diminution in the value of its interest in the particular collateral during the period of use. *See In re Swedeland Development Group, Inc.*, 16 F.3d 55, 564 (3rd Cir. 1994). Generally, the courts have found that where the status of a secured creditor's other interest is being maintained, and cash collateral is being used to meet operating and overhead expenses, a debtor may provide adequate protection for the use of proceeds derived from pre-petition assets by granting a secured creditor a replacement lien on post-petition assets. *See generally, In re Connor,* 808 F. 2d at 1397. For the reasons stated above, the Debtor believes that BB&T is adequately protected as to its interest in Cash Collateral through the granting of post-petition replacement liens and the requirement that the Debtor use Cash Collateral only in conformity with the Budget.

## Briefing

20. Scenic America does not believe that this Motion presents any novel issues of law requiring separate briefing. Accordingly, Scenic America requests that any requirement under Local Rule 9013(1)(G) that it file a separate memorandum of law in support of this Motion be waived.

## Notice

21. Scenic America is providing notice of this Motion either by overnight delivery service, email, or both, to (i) the Office of the United States Trustee for Region Four; (ii) counsel for BB&T, and (iii) the Debtor's twenty largest unsecured creditors. Because of the nature of the relief sought, Scenic America respectfully submits that no other or further notice of the relief requested in this Motion need be given.

WHEREFORE, Scenic America respectfully requests that the Court (a) enter the Interim Order authorizing the Debtor's use of Cash Collateral on an interim basis through the conclusion of the Final Hearing on the terms set forth herein; (b) enter a Final order authorizing the Debtor's use of Cash Collateral on a final basis on the terms set forth herein; and (c) granting the Debtor such other relief as may be just.

*/s/ Ann E. Schmitt*
Ann E. Schmitt, VSB # 22030
Culbert & Schmitt, PLLC
30C Catoctin Circle, SE
Leesburg, VA 20175
Proposed Counsel for Debtor

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served this 1st day of November, 2010, on the Office of the United States Trustee, 115 South Union Street, Alexandria, VA 22314, the twenty largest unsecured creditors (by U.S. Mail as set forth on the attached matrix) and counsel for BB&T, Jonathan Hauser, Troutman & Sanders, LLP, 222 Central Park Avenue, Suite 2000, Virginia Beach, VA 23462 (jonathan.hauser@troutmansanders.com) by electronic and U.S. mail.

*/s/ Ann E. Schmitt*